UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. PETE, Plaintiff, v. ADAPTHEALTH CORP., Defendant. | No. 2:26-cv-3244 DC AC (PS) ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

////

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff asserts this court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1322(a)(1). ECF No. 1 at 1. Plaintiff asserts venue is proper in the Eastern District of California because a significant portion of events, omissions, or corporate operations occurred within this judicial district. Id. Plaintiff is an individual citizen living in Beaumont, Texas. Id. Defendant is a healthcare corporation with its principal place of business in Plymouth Meeting, PA, that conducts operations in West Sacramento, California. Id. Plaintiff was a patient of defendant's and defendant collected and stored plaintiff's sensitive personal identifiable information (PII) and personal health information (PHI). Id. In mid-2006, defendant's computer networks and cloud data systems were targeted and compromised in a massive cyberattack security breach, and as a result, plaintiff's information was accessible to the third-party hackers. Id. Plaintiff sues defendant for negligence and breach of implied contract. Id. at 2.

C. Analysis

Plaintiff's complaint cannot be served at this time because the complaint fails to comply with Fed. R. Civ. P. 8. Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in

the alternative or different types of relief" and clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Failure to submit a complaint that complies with Rule 8 may lead to dismissal. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. [Rule 8's requirement that] each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

Plaintiff's generalized allegations are insufficient to comply with Rule 8. Plaintiff does not sufficiently describe the events giving rise to his claims, including the specific relationship between himself and the defendant. To comply with Rule 8, plaintiff must provide facts to support his legal claims. For example, a negligence claim must identify specific acts and/or omissions of the defendant which breached a duty of care to plaintiff and caused a concrete injury to plaintiff. A breach of contract claim must include specific facts showing the existence of an implied contract, and must specify how the terms of that contract were breached. Conclusory statements are not enough.

Additionally, the court is unconvinced that venue is proper in this district. It is unclear what, if anything, happened within the Eastern District of California. Title 28 of the United States Code, section 1391(b), establishes that venue is proper in the following instances:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1391(b)(1)-(3). Plaintiff is a resident of Texas, and defendant is a corporation headquartered in Pennsylvania, which, according to plaintiff, conducts business in West Sacramento, California. Plaintiff asserts that venue is appropriate under 28 U.S.C. § 1391(b)(2), but fact that defendant operates in West Sacramento is not enough to make venue appropriate

under this portion of the statute. To make venue appropriate a *substantial part* of the events or omissions *giving rise to the claim* must have occurred within this district. Plaintiff does not allege that any specific acts or omissions took place in West Sacramento, or that he interacted with the defendant in West Sacramento. On the face of the complaint, the only connection to this district is that defendant operates within it, as it apparently does in other judicial districts within the United States. Venue in the Eastern District of California is not properly established.

**II. Leave to Amend**

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of venue in this district. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

////

require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. Pro Se Plaintiff's Summary

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint whether a legal claim can be stated because the complaint does not have enough information. Because the complaint as written does not comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), it will not be served on defendants. Further, it does not appear that venue is proper in the Eastern District of California. To establish venue, you need to explain exactly what happened within this District to make venue appropriate. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint complying with the Federal Rules of Civil Procedure. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that

complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: September 21, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE