UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. PETE,<br>Plaintiff,<br>v.<br>ADAPTHEALTH CORP.,<br>Defendant. | No. 2:26-cv-3244 DC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se, and this action accordingly was referred to the undersigned by Local Rule 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis, and his initial complaint was found unsuitable for service. ECF No. 3. Plaintiff filed a First Amended Complaint, which is also unsuitable for service for the reasons discussed below. Because the court finds that the First Amended Complaint cannot be served and that plaintiff is unable to produce a viable complaint, it is recommended that this case be dismissed without further leave to amend.

**I. Screening Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

## II. The Amended Complaint

The Amended Complaint is similar to, but somewhat less detailed than, the original complaint which was rejected for service. Compare, ECF No. 1 and ECF No. 5. Plaintiff asserts

that this court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1322(a)(1). ECF No. 5 at 2. Plaintiff asserts venue is proper in the Eastern District of California because a significant portion of events, omissions, or corporate operations occurred within this judicial district. Id. Plaintiff is an individual citizen living in Beaumont, Texas. Id. Defendant is a healthcare corporation with its principal place of business outside of Texas, which allegedly conducts substantial business in California. Id.

The complaint alleges as follows. Defendant collected and stored plaintiff's sensitive personal identifiable information (PII) and personal health information (PHI). Id. On June 15, 2026, defendant's computer networks and cloud data systems were targeted and compromised in a massive cyberattack security breach, and plaintiff's information was consequently accessible to the third-party hackers. Id. Defendant delayed notice of the data breach for two months, causing plaintiff severe emotional distress and heightened anxiety, loss of time, and undefined "concrete injuries resulting from prolonged exposure." ECF No. 5 at 2. Plaintiff sues defendant for negligence and breach of implied contract. Id. at 3.

## III. Analysis

A. The Amended Complaint Again Fails to Establish Venue

Plaintiff was cautioned that his initial complaint did not establish venue in the Eastern District of California. The Amended Complaint is also unclear as to what, if anything, happened within the Eastern District of California. Title 28 of the United States Code, section 1391(b), establishes that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1391(b)(1)-(3). Plaintiff is a resident of Texas. ECF No. 5 at 1. In the initial complaint, plaintiff stated that defendant is a corporation headquartered in Pennsylvania that

conducts business in West Sacramento, California. ECF No. 1 at 1. The court informed plaintiff that the fact that defendant operates in West Sacramento is not enough to make venue appropriate, explaining that "to make venue appropriate a *substantial part* of the events or omissions *giving rise to the claim* must have occurred within this district." ECF No. 3 at 5. The court explained that venue was not established because plaintiff did "not allege that any specific acts or omissions took place in West Sacramento, or that he interacted with the defendant in West Sacramento. On the face of the complaint, the only connection to this district is that defendant operates within it, as it apparently does in other judicial districts within the United States." ECF No. 3 at 5. The face of the complaint indicated only that defendant was a citizen of Pennsylvania. ECF No. 1 at 1.

In apparent attempt to resolve this issue, the Amended Complaint simply omits defendant's Pennsylvania citizenship, stating that defendant "is a corporate entity organized under the laws of a state under than Texas, with its principal corporate operations and headquarters situated outside of the State of Texas" and conducing business in California. ECF No. 5 at 1. The Amended Complaint does not allege that defendant is a citizen of California, or that any of the events or omissions giving rise to plaintiff's claims occurred in California. Making defendant's citizenship vague does not solve the problem: it is still unclear that defendant is a California citizen or that the facts of this case have anything to do with this District. For these reasons, venue is not proper in this court.

B. <u>Further Leave to Amend Would Be Futile</u>

Ordinarily, pro se plaintiffs are given the opportunity to amend a deficient complaint. <u>Noll</u>, 809 F.2d at 144. In this case, plaintiff has had an opportunity to amend, and despite being given specific guidance from the court about the venue rules, plaintiff submitted an Amended Complaint that sought to establish venue by *obscuring* the facts rather than *clarifying* them. Further, plaintiff is an experienced federal litigant who has been warned in other districts that "filing frivolous lawsuits could result in a denial of his ability to proceed in forma pauperis, … [or] being declared a vexatious litigant..." <u>Pete v. United States Dep't of Treasury</u>, No. 1:25-CV-00068-MJT, 2025 WL 1699659, at *2 (E.D. Tex. June 17, 2025). Accordingly, plaintiff should

be well aware of the filing requirements in federal court. The undersigned need not and does not make any finding that plaintiff intentionally filed this case in the Eastern District of California to avoid a vexations litigant order in the Eastern District of Texas, but plaintiff is nonetheless cautioned against filing cases in this or any other federal district court where venue is not appropriate. Cases filed in this district must have an actual connection to this district.

In light of the circumstances of this case, it is clear to the undersigned that further leave to amend would be futile. Accordingly, the undersigned recommends dismissal without further leave to amend.

**IV. Pro Se Plaintiff's Summary**

It is recommended that this case be dismissed because after having an opportunity to amend, you have not demonstrated that this action is related in any way to the Eastern District of California. You may file objections to this recommendation within 21 days. The District Judge will make the final decision.

**V. Conclusion**

For the reasons explained above, the undersigned recommends that the Amended Complaint (ECF No. 5) be DISMISSED for failure to establish venue in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE